FILED
2006 Jul-30 PM 09:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| DOLLAR GENERAL CORPORATION | ) | MDL 1635 |
| FAIR LABOR STANDARDS LITIGATION | ) | |
| _____ | | |
| | ) | |
| EDITH BROWN, SHERYL ADCOCK, | ) | |
| VICKY BAILEY, REGINA BRUNO, | ) | |
| CLARA BURGESS, CHRISTY HALL, | ) | |
| GERRY HELLER, CHRISTOPHER | ) | |
| HUDSON, ANNETTA McMULLIN, | ) | |
| VALERIE SHAW, PEGGY TAYLOR, | ) | |
| and FRANK ZALMAN, on behalf of | ) | |
| themselves and others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action Number |
| | ) | **7:02-cv-0673-UWC** |
| vs. | ) | |
| | ) | |
| DOLGENCORP, INC.; DOLGENCORP | ) | |
| OF NEW YORK; DOLGENCORP OF | ) | |
| TEXAS, and DOLLAR GENERAL | ) | |
| PARTNERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING
DEFENDANTS' AMENDED/SUPPLEMENTED
MOTION FOR SUMMARY JUDGMENT BASED ON
JUDICIAL ESTOPPEL AS TO CERTAIN PLAINTIFFS' CLAIMS**

Presently before the Court is Defendants' amended motion for summary judgment

based on judicial estoppel grounds. (Doc. 588.) The Court finds that Defendants' Motion is due to be GRANTED. However, the Court will dismiss the claims of the plaintiffs listed in Defendants' Exhibit A-1, (Doc. 588), without prejudice, to the right of the bankruptcy trustees to file a motion for substitution. Should the bankruptcy trustees fail to file a motion for substitution within fifteen days from the date of the accompanying order, the dismissals will be deemed with prejudice.

This is a Fair Labor Standards Act overtime collective action against several Dollar General defendants. Defendants initially filed a motion for summary judgment asking this Court to dismiss the claims of seventy plaintiffs who had failed to list the present action as a contingent asset in their bankruptcy proceedings. (Doc. 468.) On March 31, 2006, this Court dismissed, with prejudice, claims asserted by thirty-nine, of those seventy, Plaintiffs because their bankruptcy proceedings had closed. (Doc. 553.) Under the clear law of this circuit, those thirty-nine Plaintiffs were judicially estopped from pursuing their claims in this case because their bankruptcy proceedings had concluded.

The remaining thirty-one Plaintiffs had on-going bankruptcy proceedings. With respect to those thirty-one Plaintiffs, this Court dismissed their claims without prejudice and gave their bankruptcy trustees a designated amount of time in which to seek substitution. The dismissals automatically converted to dismissals, with prejudice, in any cases where the trustees failed to timely seek substitution.

In the motion presently before this Court, Defendants have identified an additional fifty-six Plaintiffs involved in bankruptcy proceedings. (*See* Doc. 588 at Ex. A-1.) The undisputed evidence establishes that these Plaintiffs have either filed for bankruptcy or continued an existing bankruptcy case following his/her filing for consent to become a plaintiff in the present action. Further, Plaintiffs do not dispute that they failed to disclose their involvement in the present action to the bankruptcy court. (*See id.*; Doc. 594, Pls.' Resp.) Thus, the present fifty-six Plaintiffs are estopped from pursing their claims.

The bankruptcy trustees, however, are not judicially estopped from pursuing the overtime claims in any instances where Plaintiffs have on-going bankruptcy proceedings.[1] "'Judicial estoppel is an equitable concept invoked at the court's discretion' and designed 'to prevent the perversion of the judicial process.'" *See Parker v. Wendy's Int'l,* 365 F.3d 1268, 1271 (11th Cir. 2004) (citation omitted). The bankruptcy trustees have not acted adversely to the integrity of the court; and allowing them to intervene would not compromise that integrity. *See Snowden v. Fred's Stores of Tennessee, Inc.,* 419 F. Supp.2d 1367, 1375 (M.D. Ala. 2006).

> For the bankruptcy trustee, the issue is not one of judicial estoppel, but of standing.
>
> [A]ny *post-petition* conduct by [the Plaintiff], including failure to disclose an asset, does not relate to the merits of the [employment] claim. This is because when the instant bankruptcy petition was filed, [Plaintiff's] claim against the [defendant] became property of the estate . . . and [the Bankruptcy Trustee] became the real party in interest. At that point, the

---

[1] There is nothing in the record to suggest that these bankruptcy proceedings are closed.

>debtor ceased to have an interest in the [employment] claim, unless and until the trustee abandoned it.

*Wendy's*, 365 F.3d at 1272 n.3 (emphasis in original).

Accordingly, by separate order, Defendants' motion for summary judgment will be GRANTED, without prejudice to the right of the affected bankruptcy trustees to seek substitution as the real party-in-interest.

Done this 30th day of July, 2006.

                                                              _____
                                                              U.W. Clemon
                                                              Chief United States District Judge